UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOGISTICS INSIGHT CORP.,

                      Plaintiff,

                                                    CIVIL CASE NO. 04-40162

v.

JDL TRUCKING, L.L.C.,                       HONORABLE PAUL V. GADOLA
                                                              U.S. DISTRICT COURT
                      Defendant.
_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Logistics Insight Corporation first brought this subrogation action on June 8, 2004. On June 30, 2005, Defendant JDL Trucking, L.L.C. filed a "motion to dismiss for failure to allege a genuine issue as to any material fact under Federal Rule of Civil Procedure 56(c)," more commonly known as a motion for summary judgment. For the following reasons, the Court will deny Defendant's motion for summary judgment.

      **I.**      **Background**

      Plaintiff has a contract with General Motors ("GM") to arrange for various carriers to deliver automobile parts to GM assembly plants. Defendant is one of the carriers who transported goods for Plaintiff to GM's plants.

      On or about May 3, 2002, Todd Crawford, a driver employed by Defendant, left White Marsh, Maryland, transporting a truckload of 88 automobile transmissions, bound for GM's Pontiac Assembly Center in Pontiac, Michigan. While on his way to the GM plant, Crawford had at least one accident when his tractor trailer truck ran off Interstate 75 near Troy, Michigan. Because of the accident, some of the transmissions were visibly damaged and knocked out onto the floor of the

truck, while others were simply shifted out of their shipping cases. When the shipment eventually arrived at the GM Assembly Center on May 4, 2002, all the transmissions were refused. The transmissions were then moved to a warehouse for inspection. After an inspection by Dwayne Calhoun, an employee of Plaintiff, and Julie Fitzpatrick, an independent inspector, the decision was made to scrap all 88 transmissions. Since GM owned the transmissions, Plaintiff paid GM $240,000 for the damaged freight. Plaintiff then filed suit on June 8, 2004 against Defendant to recover $240,000 in reimbursement, claiming Defendant was liable as a carrier for the damage done to all 88 transmissions.

**II.     Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D.

Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III.   Analysis

This case involves the Carmack Amendment, 49 U.S.C. § 14706, which governs claims against a carrier for the damage of goods transported during interstate shipment. *See Am. Rd. Serv. Co. v. Consol. Rail Co.*, 348 F.3d 565, 568 (6th Cir. 2003). Pursuant to the Carmack Amendment, Plaintiff must first establish a prima facie case of liability:

> [I]n an action to recover from a carrier for damage to a shipment, the shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages. Thereupon, the burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability.

*Plough, Inc. v. Mason & Dixon Lines*, 630 F.2d 468, 470 (6th Cir. 1980) (citing *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964)).

The third element of the prima facie case, the amount of damages, is "ordinarily measured by the reduction in market value at destination or by replacement or repair costs occasioned by the harm. The Carmack Amendment incorporates common law principles of damages, and permits recovery of lost profits unless they are speculative." *Camar Corp. v. Preston Trucking Co.*, 221 F.3d 271, 277 (1st Cir. 2000) (citations omitted).

In support of its motion, Defendant argues that Plaintiff fails to establish a prima facie case because Plaintiff cannot show the amount of damages actually suffered. Defendant argues that

4

Plaintiff only did a cursory, visual check of the shipment, and rejected the entire shipment without inspecting each transmission. Therefore, Defendant claims, the total amount of damages suffered is purely speculative.

When considering the facts in the light most favorable to the nonmoving party, there is sufficient evidence showing that some kind of traffic accident occurred which damaged some of the transmissions. Plaintiff has provided deposition testimony revealing that when the shipment was examined at the GM plant and at the warehouse, some of the transmissions were visibly broken, that there was transmission fluid on the floor of the trailer, and that several other transmissions were out of the shipping cradles in which they rest during transport. Because the cost of one transmission is a definite amount that can be determined with certainty, the amount of damages in the instance of one broken transmission is not speculative. In the current case, there is evidence that several of the transmissions were damaged by the accident. Thus, the amount of damages for these transmissions that were visibly damaged can be sufficiently determined. Consequently, Plaintiff has certainly established a prima facie case of liability under the Carmack Amendment for those transmissions that were visibly damaged.

Defendant also argues that since Plaintiff did not conduct a thorough inspection of each individual transmission, Plaintiff cannot demonstrate that the entire shipment was damaged, and thus, Plaintiff cannot establish a prima facie case of liability for the rest of the transmissions. In further support, Defendant argues that because the accident was a not a rollover accident, GM and Plaintiff had no basis for rejecting the entire shipment.

Though in their briefs the parties devote much time to the question of whether a rollover

accident occurred, whether the accident was a rollover or not is not relevant to the consideration of this motion.  The evidence in the record indicates that some kind of accident having a significantly large impact did happen, traumatic enough to knock several heavy transmissions out of their shipping cradles.  There is also evidence that GM had a policy of rejecting an entire shipment of goods when there was some indication that a traumatic accident had affected the integrity of the goods.  Again, when considering the facts in the light most favorable to the non-moving party, the evidence is sufficient for a jury to find that the integrity of the entire shipment had been compromised by the accident, and that all of the goods had been damaged.  Plaintiff has established a prima facie case and Defendant is not entitled to judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [docket entry 13] is **DENIED**.

**SO ORDERED.**

Dated:   February 16, 2006                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   February 16, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
             Paul E. Scheidemantel; Allan C. Vander Laan             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                       .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845